FILED

NOV 07 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10256 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-03289-CKJ-JJM-1 |
| v. | |
| YM, JUVENILE FEMALE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted September 11, 2012
Las Vegas, Nevada

Before: ARNOLD**, RAWLINSON, and BYBEE, Circuit Judges.

Y.M. appeals after being adjudicated a juvenile delinquent for knowingly

possessing marijuana with the intent to distribute it. We conclude that the

government has shown beyond a reasonable doubt that any violations of the

_____

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The Honorable Morris S. Arnold, Senior Circuit Judge for the Eighth
Circuit, sitting by designation.

Juvenile Justice and Delinquency Prevention Act of 1974, 18 U.S.C. §§ 5031-5042, that may have occurred in this case did not prejudice Y.M. *See United States v. Juvenile Male*, 595 F.3d 885, 902-04 (9th Cir. 2010) (per curiam). We also hold that the district court did not abuse its discretion by permitting a Customs and Border Protection (CBP) agent to testify as an expert in identifying marijuana. The officer testified that he had been a CBP agent for approximately six years, had received specialized training in identifying narcotics, and had encountered marijuana more than one hundred times over the course of his career. The district court thus had an ample record from which to conclude that the CBP agent was "qualified as an expert" because of his "knowledge, skill, experience, training, [and] education." Fed. R. Evid. 702. His testimony, moreover, was "the product of reliable principles and methods," and he "reliably applied the principles and methods to the facts of the case." *Id*.; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Nor did the district court violate the Confrontation Clause by admitting the CBP agent's testimony about lab reports that supported his past accuracy in identifying substances as marijuana. The government did not introduce any lab reports that identified the seized material as marijuana, and the court relied on the CBP agent's testimony about the lab reports only to determine the admissibility of

his expert testimony, not as evidence of Y.M.'s guilt. *Cf. Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 (2009). The government also met its burden of showing that it was "more probable than not" that any error in the court's admission of evidence of a prior act under Fed. R. Evid. 404(b) "did not materially affect the verdict." *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002).

Finally, we detect no error in the district court's conclusion that Y.M. failed to make out a duress defense. *See, e.g., United States v. Leal-Cruz*, 431 F.3d 667, 673 (9th Cir. 2005).

AFFIRMED.